[S. F. No. 15563. In Bank.—October 16, 1936.]

OLOF MONSON, Respondent, v. HERMAN E. RAHL-MANN, Appellant.

Marvin C. Hix and Joseph P. Curley for Appellant.

Leicester & Leicester for Respondent.

WASTE, C. J.—Plaintiff recovered a judgment for $24.081.61 against defendant in an action on a renewed promissory note given by the defendant for an assumed balance due on a partnership accounting on dissolution, and for certain advances found to be unpaid.

The partnership was originally formed under a verbal agreement that plaintiff was to receive two-thirds of the profits and defendant one-third. The partners later entered into a written agreement of partnership for the purpose of "defining and fixing their respective rights and interests in the business and assets of said partnership". By this agreement, the amount of the investments of plaintiff and of defendant was fixed, and in the agreement it was expressly provided that "these respective investments may vary from time to time . . . but the investment account is to be kept up to date at all times so as to show the true amount which each partner has invested in the capital of the said firm". The agreement also provided that profits should be shared two-thirds by plaintiff and one-third by defendant, which was but a repetition of the former oral agreement.

Subsequently, it was agreed that the partnership should be dissolved, which agreement was consummated. In that connection, a certified public accountant was employed to write up and balance the books and accounts of the partnership, and to do other things necessary in and about the liquidation and settlement by the partners, and to pre-

pare balance sheets and statements, and reports as to the contents of the firm's books and accounts. The accountant proceeded with such employment in accordance with his understanding and conception of the agreement of the partners for liquidation, and prepared a draft of such an agreement and furnished it to the parties, who accepted it, without signing, and with no objection as to its correctness. After making up this draft, the accountant "wrote up the books" of partnership. He assumed that capital losses were to be borne in the same ratio as profits were shared, and that the respective interests of the partners were in the same ratio. He therefore charged off the books of the firm as losses one-third of certain items to the defendant and two-thirds to the plaintiff. The accountant reported the defendant to be indebted to plaintiff in the sum of $24,578.96, which account the court found to be accurate and correct, that it had been properly made up and computed on correct principles, and that the accountant had no reason to believe it was otherwise. Subsequently, the accountant prepared certain balance sheets showing the accounts between the parties, and the firm's assets and liabilities. After the first report of the accountant, and prior to making up the books of the partnership, plaintiff and defendant made certain payments between themselves, and there were a number of transactions which we assume the trial court understood, although the court admitted that it had "an awful time with the figures".

The answer and cross-complaint interposed by the defendant set forth an action for rescission based on an alleged mistake existing upon final liquidation and settlement of the partnership affairs, due to the accounting having been made on an alleged wrong principle. Such mistake, according to the defendant, lies in the fact that, unknown to the defendant, the accountant who prepared the account and balance sheets used on liquidation, was ignorant of the true agreement between the parties as to the basis for such dissolution, and erroneously believed that losses to capital were to be borne by the partners in the same ratio as they were to and did share in the profits of the firm. The trial court found that it was not true that the accountant was mistaken in such belief, and it was not true that at the time of signing the note on which the action was brought the

defendant had no knowledge or notice of the fact that the accountant, in writing up the books of account and in preparing and making his statements, had apportioned losses in the same ratio as the partners shared in the profits; that, on the contrary, the defendant had actual knowledge of the agreement and of its contents and knew how losses had been apportioned and entered on the books and in the accounts of the parties, and knew that the accountant had apportioned losses in the same ratio as profits were shared. The trial court further found that each and every allegation in the complaint and supplemental complaint was true, but modified the amount of certain items of account credited to the defendant. The trial court also found that certain ''charge offs'' to capital accounts of items designated ''assumed for collection'' should have been made one-third to the defendant and two-thirds to the plaintiff, on the theory that the partnership agreement was silent on the subject of losses, and therefore such losses should be borne in the same ratio as profits were shared and that, although the accountant knew nothing of the partnership agreement which fixed the respective rights and interests of the parties in the business and assets of the firm, he did not make a mistake in charging those items to the partners in such ratio.

Under the facts found, as above summarized, we are unable to find any mistake that would warrant the defendant in rescinding the agreement of dissolution. The only mistake relied upon was an alleged mistake by the accountant as to how the parties were to contribute toward the losses. The defendant could not plead, and did not prove, ignorance of the terms of the agreement. █ It having been expressly provided therein how profits were to be shared, defendant was required ''to contribute toward the losses, whether of capital or otherwise, sustained by the partnership according to his share in the profits''. (Civ. Code, sec. 2412 [a].) Appellant alleged that after the commencement of this action he learned for the first time that the statement of the accountant was based on the alleged erroneous belief of the accountant as to the partnership affairs. In view of the trial court's findings and of all the facts appearing in the record, we are of the opinion that it is now too late for the defendant to attempt to rescind the agreement for dissolution.

While both appellant and respondent, in their statements of questions involved on appeal, have included certain points corollary to the main question in the cause, which we have just considered, we do not find it necessary to pursue the discussion further. We are of the view that, as found by the trial court, the accountant construed the partnership agreement correctly. The complicated array of figures submitted by appellant, and with which the lower court had ''an awful time'', presents a situation which we deem it best to leave with the determination of that court.

The judgment is affirmed.

Thompson, J., Seawell, J., Curtis, J., and Langdon, J., concurred.

Rehearing denied.